UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID A. MITCHELL,

    Plaintiff,

vs.

Case No. 16-CV-12534

HON. GEORGE CARAM STEEH
MAG. JUDGE STAFFORD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

ORDER ACCEPTING MAGISTRATE
<u>JUDGE'S REPORT AND RECOMMENDATION [DOC. 17]</u>

Plaintiff David A. Mitchell challenges defendant Commissioner of Social Security's denial of his claim for social security disability benefits. Before the court are cross motions for summary judgment, which were referred to the magistrate judge for a report and recommendation. On August 11, 2017, Magistrate Judge Stafford issued a report recommending that defendant's motion for summary judgment be granted and that plaintiff's motion for summary judgment be denied. The court has reviewed the file, record, and magistrate judge's report and recommendation. Plaintiff filed timely objections to that report which this court has duly considered. For the reasons set forth below, this court shall accept and

adopt the magistrate judge's report.

## STANDARD OF LAW

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Secretary of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## ANALYSIS

Plaintiff makes a single objection to the report and recommendation related to misapplication of the treating physician rule. Plaintiff objects on the basis that the ALJ gave little weight to the opinions of his treating

physician that he was disabled and unable to work, concluding that such issues are reserved for the Commissioner.  Plaintiff contends that the ALJ dismissed not just the opinions of his treating physician, but also the treatment records and methods used in his treatment.  Finally, plaintiff maintains that the magistrate and the ALJ were wrong to rely on an alleged admission of performing side jobs because the documentation comprised a very small part of his treatment record.  Plaintiff states that the report and recommendation improperly adopted the ALJ's reasoning and requests a remand to further evaluate the opinion of his treating physician.

The Commissioner argues that the court should not consider plaintiff's objections on the merits as they are merely recitations of the identical arguments that were before the magistrate judge and fail to identify any specific errors in the magistrate judge's proposed recommendations.  *See Davis v. Caruso*, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008); *Owens v. Comm'r of Soc. Sec.*, No. 1:12-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013).  The Commissioner characterizes plaintiff's objections as an attack on the ALJ's decision and not on the magistrate judge's report and recommendation, and argues that as such they are waived.  A review of plaintiff's arguments in his motion for summary judgment and reply confirms the Commissioner's

characterization. (*See* Dkt. No. 14 at 4-6, 16 at 1-3). "This court is not obligated to address objections [that restate the same arguments presented to the magistrate judge] because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act which serves to reduce duplicative work and conserve judicial resources." *Owens*, 2013 WL 1304470, at *3 (citations omitted).

Because plaintiff's objection is a restatement of the arguments he raised before the magistrate, the court finds that plaintiff has waived his objection.

## CONCLUSION

IT IS ORDERED that the court ACCEPTS and ADOPTS the magistrate judge's report and recommendation (Doc. 17).

IT IS FURTHER ORDERED that the Commissioner's motion for summary judgment (Doc. 15) is GRANTED, plaintiff's objections (Doc. 18) are OVERRULED, and plaintiff's claim is DISMISSED with prejudice.

Dated: September 19, 2017

                                                    s/George Caram Steeh
                                                    GEORGE CARAM STEEH
                                                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 19, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk